UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JASON EARLEY COTTER,

        Plaintiff,

v.                                    Case No. 23-CV-1592-pp

CHIEF CRAIG FREITAG, et al.,

        Defendants.

---

ANSWER AND AFFIRMATIVE DEFENSES

---

The remaining defendants, City of Clintonville Chief of Police Craig Freitag, Officer Tyler Bartel and Captain Dennis Schroeder, by their attorneys Town Counsel Law & Litigation, LLC, as to their answer and affirmative defenses, admit, deny and allege as follows:

A. PARTIES

1.     Plaintiff is a citizen of Wisconsin and resides at N10561 Lakeshore Rd., Clintonville, WI 54929. (Doc. 1, p. 1)

**ANSWER: Lack knowledge or information sufficient to form a believe as to the truth of these matters asserted in Paragraph 1, p. 1 of the complaint and, therefore, deny the same.**

2.     Defendant Chief Craig Freitag (Doc. 1, p. 1) . . .

. . . is a citizen of Wisconsin and resides at an unknown address and worked for the Clintonville Police Department. (Doc. 1, p. 10)

**ANSWER: Admit.**

Defendants (Continued) Ofc. Kyzewski [sic], *Officer(s) Unknown of The Clintonville Wisconsin Police Dept., City of Clintonville Wisconsin (Doc. 1, p. 2)

**ANSWER: Admit only that Officer Andrew Kizewski is employed as a City of Clintonville law enforcement officer. Affirmatively assert that Officer Kizewski is not a party to this litigation. Further assert that no "unknown" officer of the Clintonville Police Department, City of Clintonville, Wisconsin is a party this litigation.**

1

Defendant Dennis Schroeder is a citizen of Wisconsin and resides at an unknown address and works for The Clintonville Police Department. (Doc. 1, p. 2)

**ANSWER: Admit.**

Defendant Sgt. Wendorf is a citizen of Wisconsin and resides at an unknown address and works for The Clintonville Police Department. (Doc. 1, p. 2)

**ANSWER: Admit only that Officer Chris Wendorf was employed as a City of Clintonville law enforcement officer from January 22, 2014 until April 1, 2022. Affirmatively assert that Officer Wendorf is not a party to this litigation.**

Defendant Ofc. Kyzewski [sic] is a citizen of Wisconsin and resides at an unknown address and works for The Clintonville Police Department. (Doc. 1, p. 2)

**ANSWER: Admit only that Officer Andrew Kizewski is employed as a City of Clintonville law enforcement officer. Affirmatively assert that Officer Kizewski is not a party to this litigation.**

Defendant Ofc. Bartel is a citizen of Wisconsin and resides at an unknown address and works for The Clintonville Police Department. (Doc. 1, p. 2)

**ANSWER: Admit.**

Defendant(s) "Officer(s) Unknown" is/are citizen(s) of Wisconsin and reside(s) at (an) unknown address(es) and work(s) for The Clintonville Police Department. (Doc. 1, p. 2)

**ANSWER: Deny that "Officer(s) Unknown" are parties to this litigation.**

Defendant City of Clintonville, Wisconsin 54929 (Doc. 1, p. 2)

**ANSWER: Deny that "City of Clintonville" is a party to this litigation.**

B. <u>STATEMENT OF CLAIM</u>

Beginning with the traffic stop on November 18, 2020 in which Mr. Cotter was illegally profiled, detained, searched, sexually assaulted, and made to witness the mistreatment of his then girlfriend, Devon Caswell, while videoing the incidents, Cotter has been targeted, humiliated, defamed, illegal arrested, intimidated and terrorized by the Clintonville Police Department on a routine and systematic ("from the top down") basis, with Clintonville Police even using the Waupaca County Sheriffs Department as a "robotic arm" while openly acknowledging a conflict of interest only 6 days after the stop. (Doc. 1, pp. 10-11)

**ANSWER: Deny. Affirmatively assert that some or all of the claims contained in this unnumbered paragraph of the complaint have been dismissed pursuant to Doc. 5, Order.**

The bizarre behavior by the Clintonville Police Department and its officers continues today with a blanket block of open records requests by the Chief of Police (Being instructed that I may only request open records from his attorney, but being given no contact info and preventing timely filing of Documents or a basic Preliminary Discovery as afforded the rest of the population of Wisconsin who only need to follow the guidelines governing open records and who these requests may be turned into. (Doc. 1, p. 11)

> **ANSWER: Deny. Affirmatively assert that some or all of the claims contained in this unnumbered paragraph of the complaint have been dismissed pursuant to Doc. 5, Order.**

STATEMENT OF CLAIM (Continued)

UNNUMBERED PARAGRAPH: Late in the evening on November 18th, 2020 and into the early morning November 19, 2020, the vehicle being driven by Devon Caswell was stopped on Main Street, Highway 45, by Officer Tyler Bartel of the Clintonville Police Department. Officer Bartel was on duty, wearing his police uniform, and was acting within the scope of his employment with the City of Clintonville. Jason Cotter was a passenger in the vehicle. (Doc. 1, p. 2)

> **ANSWER: Admit.**

UNNUMBERED PARAGRAPH: Officer Bartel informed Ms. Caswell and Mr. Cotter that he pulled their vehicle over due to the fact that the vehicle was not displaying license plates; however the police report indicates that he pulled the vehicle over due to an unspecified inadequate muffler. Ms. Caswell explained to the officer that they had bought the vehicle only the day before. She provided Officer Bartel with papers relating to the new vehicle, including but not limited to a completed License Application form that she had picked up at the Department of Motor Vehicle earlier that day. She also provided her driver's license. (Doc. 1, pp. 2-3)

> **ANSWER: Lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this unnumbered paragraph of the complaint and, therefore, deny the same. Affirmatively assert that some or all of the claims contained therein have been dismissed pursuant to Doc. 5, Order.**

UNNUMBERED PARAGRAPH: Officer Bartel went back to his vehicle, called Dispatch, requested a K9 unit, and waited for the K9 unit to arrive. Officer Bartel did not inform Ms. Caswell or Mr. Cotter that they were free to leave even though Wisconsin law does not require a license plate within 48 hours of the purchase of a vehicle. *See* Wis. Stat. § 341.04. Officer Bartel had no legal basis to continue to hold Ms. Caswell and Mr. Cotter after the license plate inquiry was satisfied. Officer Bartel unnecessarily extended the stop to wait for the K9 unit to arrive by writing 2 warnings for violations, he admits even while issuing the warnings, didn't apply to Ms. Caswell. (Doc. 1, p. 3)

> **ANSWER: Some or all of the allegations contained in this unnumbered paragraph of the complaint state a legal conclusion for which no response is required.**

3

**To the extent that a response is required:**

**Deny that Bartel violated any state or federal law, unnecessarily prolonged the stop or illegally detained plaintiff or Caswell. Affirmatively assert that the stop was lawful and that the search was reasonable. Further assert that Caswell is not a party to this litigation. Lack knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted, if any, and therefore deny the same.**

UNNUMBERED PARAGRAPH: Officer Chris Wendorf of the Clintonville Police Department received a call from Dispatch at approximately 12:01 am on November 19 and arrived on scene approximately ten minutes after he was called. Officer Wendorf walked the K9 around their vehicle, and upon information and belief, the K9 unit did not give any reliable indication that it had smelled an odor indicating the presence of illegal drugs. Notably, the K9 did not give a "final alert" sign *(Lt. Stange, Internal Investigator)* Despite this, Officer Wendorf indicated that a search of the vehicle was warranted. (Doc. 1, p. 3)

> **ANSWER: Lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this unnumbered paragraph of the complaint and, therefore, deny the same. Affirmatively assert that Officer Wendorf is not a party to this litigation.**

UNNUMBERED PARAGRAPH: Ms. Caswell was ordered out of the vehicle and Bartel searched her. Ms. Caswell makes it known that she doesn't consent to Ofc. Bartel's actions. Ms. Caswell's request for a female officer to conduct the search of her person was denied, and during the search, Officer Bartels hands twice made contact with her groin/vagina area over her pants, and with an open palm. (Doc. 1, p. 3)

> **ANSWER: Deny. Affirmatively assert that Caswell is not a party to this litigation.**

UNNUMBERED PARAGRAPH: Officer Bartel then ordered Mr. Cotter out of the vehicle under Mr. Cotters advisement that the Clintonville Police Are "violating our rights right now... ". During the search, he grabbed Mr. Cotter's penis outside of his clothes. When this happened, Mr. Cotter said" "That's the head of my penis you just grabbed," to which Officer Bartel replied: "You'd be surprised where people hide things Jason." Officer Bartel has subsequently admitted to touching Mr. Cotter's penis during the search. But says he found it in his belt. (Doc. 1, pp. 3-4)

> **ANSWER: Deny. Affirmatively assert that the stop was lawful and that the search was reasonable.**

UNNUMBERED PARAGRAPH: Officer Bartel and Officer Kizewski then searched the vehicle and alleged that they located marijuana "shake." However, nothing is presented or brought back to the couple; and according to the officers' statements to Lt. Strange, *Internal Investigator,* it is their practice to leave located marijuana in the car. Mr. Cotter asks if "it" was tested, but Ofc. Kizewski threatens a parole violation if the officers test it. The only option for testing was to send two officers back into their vehicle, which they never wanted searched in the first place. The couple didn't wish to be further detained for a second intrusive vehicle

4

search and, "Sufficiently Intimidated", the couple went back to their vehicle, and their camera still recording, video the center console, and it's remarkable lack of "THC shake". (Doc. 1, p. 4)

> **ANSWER: Lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this unnumbered paragraph of the complaint and, therefore, deny the same. Affirmatively assert that some or all of the claims contained therein have been dismissed pursuant to Doc. 5, Order. Further assert that the stop was lawful, the search was reasonable, and that Officer Kizewski is not a party to this litigation.**

UNNUMBERED PARAGRAPH: After a search of the vehicle, excepting almost everywhere drugs are found during actual narcotics investigations, including but not limited to the entire trunk area, the officers found nothing illegal. The radio traffic in fact reflects Ofc. Bartel saying "no find". (Doc. 1, p. 4)

> **ANSWER: Lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this unnumbered paragraph of the complaint and, therefore, deny the same. Affirmatively assert that the stop was lawful and that the search was reasonable.**

UNNUMBERED PARAGRAPH: Ofc. Bartel issued warnings to Ms. Caswell for non-registration of an automobile and operating without an adequate muffler. Ms. Caswell had violated neither law, as state law does not require license plates or registration until 48 hours after the purchase of a vehicle, *see* Wis. Stat. § 341.04, and the vehicle's muffler was not emitting "excessive or unusual noise or annoying smoke," *see* Wis. Stat.§ 347.39(1). This delayed the traffic stop until the K9 arrived. Mr. Cotter was not free to leave, as no rational man just gets out of the passenger seat of a car that is pulled over and walks away. (Doc. 1, p. 4)

> **ANSWER: Deny that the stop was unlawfully prolonged. Affirmatively assert that Caswell is not a party to this litigation. Lack knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in this unnumbered paragraph of the complaint, if any, and, therefore, deny the same.**

UNNUMBERED PARAGRAPH: Officer Bartel lacked probable cause or reasonable suspicion to stop the vehicle driven by Devon Caswell because the vehicle "did not have an inadequate muffler" the exhaust was completely lawful, as he himself admits to Ms. Caswell when issuing her the warning anyway. The vehicle was not yet required to have license plates. Officer Bartel had no right to extend the traffic stop to wait for the arrival of the K9 unit by issuing unlawful warnings or unnecessary papers. Officer Wendorf did not have any reasonable basis to indicate that the K9 alerted the presence of illegal drugs. Officer Bartel had no reasonable suspicion to conduct searches of Devon Caswell and Jason Cotter, and his searches included assaultive contact of their private parts. Officer Bartel and Officer Kizewski had no right to conduct a search of the vehicle. Officer Kizewski and Sgt. Wendorf failed to intervene at multiple occasions to prevent the known violations of Ms. Caswell's and Mr. Cotter's rights. Ofc. Bartel  misrepresented the teams own lie about finding "THC shake in the center

5

console..." by relaying to Mr. Cotter's ES Agent that the "THC shake" was found on the "Passenger Side Floorboard" where Mr. Cotter was sitting. He then filed a false police report that states after he grabbed Mr. Cotter's penis, Mr. Cotter started "yelling and called him a faggot". No such event occurred. It's fictional. Mr. Cotter, being a bi-sexual male, knows it's a homophobic slur aimed at himself. (Doc. 1, pp. 4-5)

> **ANSWER: Deny that the stop was unlawful. Deny that the search was unreasonable. Affirmatively assert that some or all of the claims contained therein have been dismissed pursuant to Doc. 5, Order. Further assert that Officer Kizewski, Sargeant Wendorf and Caswell are not parties to this litigation. Lack knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in this unnumbered paragraph of the complaint, if any, and, therefore, deny the same.**

UNNUMBERED PARAGRAPH: In the 7-day period following the traffic stop, Mr. Cotter and Ms. Caswell file formal complaints, where they learn that The Police Chief issued a "press release" of only 7 minutes of far-away dash cam footage of the traffic stop. Nothing that could either show or not show the events the couple say happened. Better and more complete video existed at the time of the release, but wasn't chosen. The video that was released was trimmed at both ends. (Doc. 1, p. 5)

> **ANSWER: Lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this unnumbered paragraph of the complaint and, therefore, deny the same.**

UNNUMBERED PARAGRAPH: Later, Clintonville Police Department, with the full awareness and/or participation of Chief Craig Frietag, launch a fear campaign that includes a call from a restricted number and the complete refusal of the chief to identify himself even though Mr. Cotter explains that he contacted an attorney for the events above, and he needed his name for the record. And Most Disturbingly, A total of three Welfare-Checks were dispatched to Ms. Caswell's residence (where the couple were often found) in just that week long period, though it was made clear that the couple didn't want to see any police after the way they had been treated. For the 3rd check, on Thanksgiving Day 2020, Clintonville Police asked the Waupaca County Sheriff's for an "Agency Assist" for a Welfare Check. The Sheriffs being called to respond due to the open complaints by Mr. Cotter and Ms. Caswell for the events described during the traffic stop. Deputy Besel knocked on the door in a fashion that initiated a reasonable and foreseeable flight response from the couple and the children (G.H. and R.H.) resulting in the observable (to any officers watching live stream from inside the home) and severe emotional distress of everyone in the apartment; And the physical injury of 18 month old G.H. Nobody answered repeated requests by the couple to "identify yourself there are children here." (Doc. 1, pp. 5-6)

> **ANSWER: Deny that the City of Clintonville Police Department and/or its Chief of Police "launched a fear campaign" or otherwise retaliated against plaintiff for any protected activity. Affirmatively assert that Caswell, minors "G.H." and "R.H." and Deputy Besel are not parties to this litigation. Further assert that some or all of the claims contained therein have been dismissed pursuant to Doc.**

6

**5, Order.  Lack information or knowledge sufficient to form a belief as to the truth of the remaining matters asserted, if any, in this unnumbered paragraph of the complaint and, therefore, deny the same.**

UNNUMBERED PARAGRAPH: Deputies were seen outside looking into the couples' vehicle, but not looking after the welfare of anyone inside the home . Although actively watching and reporting to Waupaca Deputies (This being a very troublesome conflict, as they reported to and "advised" deputies who responded, according to department reports, solely to prevent an admitted Conflict of Interest) the chief and officers under his command, fail to report anything meaningful regarding the actual welfare of those in the apartment. But instead much like the "Press Release", report only things prejudicial. Dpty. Besels Report, Chief Frietags Own Admission 10/21. Clintonville Police Department wisely acknowledged a Conflict of Interest, due to the Active complaint the couple filed for the traffic stop and following Civil Rights Violations. The fact that they acknowledge, act on, and then ignore the conflict, spells Intent. This being done covertly and remotely, while watching the couple and the children's' fear, and an 18 month old child's physical injury, via Mr. Cotter's Facebook Live Stream,  and denying any knowledge the next day smells loudly of it's maliciousness.  And The Chief saying he didn't report these things Intentionally because he "didn't want  to get involved" makes retaliation the only possible explanation for this conduct. (Doc. 1, p. 6)

> **ANSWER: Deny violation of any legal or ethical duty by defendant(s) in the investigation into the welfare of Caswell's children. Deny that the City of Clintonville Police Department and/or any of its law enforcement officers retaliated against plaintiff for any protected activity. Affirmatively assert that Caswell, minors "G.H." and "R.H." and Deputy Besel are not parties to this litigation. Further assert that some or all of the claims contained therein have been dismissed pursuant to Doc. 5, Order.  Lack information or knowledge sufficient to form a belief as to the truth of the remaining matters asserted, if any, in this unnumbered paragraph of the complaint and, therefore, deny the same.**

UNNUMBERED PARAGRAPH: In October of 2021 I was Illegally arrested by the police chief and the captain for theft. This in response to removing 2 tires from a vehicle my friend said belonged to him, and that it was stolen from him. Even after providing the license plate number to him, my friend said it was his car. My friend was on the phone and told the police he had been mistaken even before they arrested me. When the police came to talk to me at the apartment Ms. Caswell lives in, I let them speak to him where he removed any real doubt that the tires weren't stolen but that a mistake had been made. This removed reasonable suspicion of intent to permanently deprive an owner of property. In fact I had told Ofc. Kyzewski what was happening the day I did it, 1 day prior to the arrest, because he was parked nearby. He did nothing to stop me instead we took a playful bet on which exhaust pipe would launch its contents further. I didn't know it was the same officer from the stop at the time I approached him. He looked different due to a beard. The Chief and captain arrested me even after I told them it was illegal because I didn't intend for anyone to be deprived of their property, in fact my intent was to prevent that from happening. The police knew my friends car was parked nearby, and the story made sense, but they arrested me in front of everyone standing outside anyway. I believe this arrest was done in retaliation for the civil rights complaints against the Police Department. (Doc. 1, pp. 6-7)

7

**ANSWER: Deny plaintiff was illegally arrested and/or that the arrest was without sufficient probable case that a crime was committed. Deny that the City of Clintonville Police Department and/or any of its law enforcement officers retaliated against plaintiff for any protected activity. Affirmatively assert that Officer Kizewski is not a party to this litigation. Further assert that some or all of the claims contained therein have been dismissed pursuant to Doc. 5, Order. Lack information or knowledge sufficient to form a belief as to the truth of the remaining matters asserted, if any, in this unnumbered paragraph of the complaint and, therefore, deny the same.**

UNNUMBERED PARAGRAPH: When requesting records about the arrest, I recieved a call from the chief that I could ONLY get records from their attorney. This is done to make it unnecessarily difficult to investigate claims. This restriction also treats me fifteenth than literally anyone else in our country as the rules governing open records in Wisconsin. Having to submit the request in writing is another restriction imposed by this department. It too violated rules regarding open records. I've been unable to access records, despite multiple requests to view them on site. I have yet to be invited on site. Records were withheld and not acknowledged (radio from Thanksgiving, viewing video of officers watching live stream Thanksgiving. Ofc Bartel claims to have profiled me because of interactions with the department - I should have received reports as these "cons are 100% fictional, they couldn't provide them. I was trying to prove I was profiled for being with Ms. Caswell, and because of my name in that town. I was in trouble a lot prior to 2001. He didn't *even* work there. That was 19 ½ years prior. How could he possibly be "familiar" with me? I haven't been in s any interactions besides a couple traffic stops with no issues other than traffic violations. So it's hard to provide proof, uncover more possible claims, or file documents as speedily as I would like. I believe the denial of access is to prevent the proof from being public and to delay the filing of a civil suit in this matter. (Doc. 1, p. 7)

**ANSWER: Deny any violation of open records law. Affirmatively assert that some or all of the claims contained therein have been dismissed pursuant to Doc. 5, Order and, as such, no further response is required. To the extent a response is required,**

UNNUMBERED PARAGRAPH: I've also been intimidated and have been scared to the point of inaction at times. Unsure of what to do. I am no lawyer. I need real help stopping this. I tried to get a Mandamus hearing for the open records denials, but I think I didn't file a summons and it was thrown out. So here I am STILL being denied equal access to records as the rest of the country I live in. I'm scared of committing a procedural error and then they have a license to get away with all this. In the event I can/can't be compensated for these egregious acts I ask for declamatory and injunctive judgments to stop treating me like Described. I don't want to live in fear of the police anymore. (Doc. 1, pp. 7-8)

**ANSWER: There are no facts or allegations contained in this unnumbered paragraph of the complaint that require a response.**

**To the extent that a response is required:**

**Deny defendants have acted unlawfully. Lack knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted, if any, and therefore, deny the same.**

UNNUMBERED PARAGRAPH: I request that the court appoint an attorney to navigate the complexity of these claims. Outside of stating what happened - I simply don't know how to proceed. (Doc. 1, p. 8)

**ANSWER: There are no facts or allegations contained in this unnumbered paragraph of the complaint that require a response.**

C. JURISDICTION

I am suing for a violation of federal law under 28 U.S.C. § 1331 (Doc. 1, p. 12)

**ANSWER: Admit only that this Court has jurisdiction of civil actions arising under 28 U.S.C. § 1331. Lack knowledge or information sufficient to form a belief as to whether jurisdiction is otherwise proper and, therefore, deny the same.**

D. RELIEF WANTED

UNNUMBERED PARAGRAPH: Defendant Chief C. Frietag - $4,000,000 in compensatory and punitive damages for failing to supervise and train staff under his command. Even worse, the Chief was only involved when lying to explain and cover up events described in this complaint. And for his apparent involvement in the Thanksgiving "welfare check" and for arresting me illegally in October. (Doc. 1, p. 12)

**ANSWER: Deny all allegations of unlawful conduct made against Chief Freitag. Deny plaintiff is entitled to relief in this litigation.**

UNNUMBERED PARAGRAPH: Defendant Captain D. Schroeder - $4,000,000 in compensatory and punitive damages for failing to supervise and train staff under his (Doc. 1, p. 12) . . .

. . . D. RELIEF WANTED (Continued)

command. And for Illegally Arresting Me in October 2021. (Doc. 1, p. 8)

**ANSWER: Deny all allegations of unlawful conduct made against Chief Freitag. Deny plaintiff is entitled to relief in this litigation.**

UNNUMBERED PARAGRAPH: Defendant Sgt. Wendorf $3,000,000 in compensatory and punitive damages for failing to supervise and train Officers under his command. For failing to intervene at any meaningful point during events surrounding the traffic stop on November 18-19th. For lying about a dog "hit". For allowing the illegal search and Detainment, improper touching. Sgt Wendorf was involved further in requesting help from Waupaca County On November 26, 2020 (Thanksgiving) to avoid a "conflict of interest" and still kept radio or other contract with officers in an inappropriate advisory capacity. Being the 3rd welfare check in the 7 days following the initial traffic stop, and where obvious apparent injury (physical and

mental) is admittedly being seen on video by officers in the Clintonville Police Department. (Doc. 1, p. 8)

**ANSWER: Deny all allegations of unlawful conduct made against Sergeant Wendorf. Affirmatively assert that Sergeant Wendorf is not a party to this litigation pursuant to the Order (Doc. 5). Deny plaintiff is entitled to relief in this litigation.**

UNNUMBERED PARAGRAPH: Defendant Ofc. Bartel $3,000,000 in compensatory and punitive damages for his involvement in the initial traffic stop November 18-19th, 2020. The decisions to profile, stop, detain, search, sexually assault, falsify reports were Ofc. Bartels. I believe it was at Ofc Bartel's request that everything began to snowball. He is responsible for the "seed crystal" that made this all happen. (Doc. 1, p. 8)

**ANSWER: Deny all allegations of unlawful conduct made against Officer Bartel. Deny plaintiff is entitled to relief in this litigation.**

UNNUMBERED PARAGRAPH: Defendant Ofc. Kyzewski $3,000,000 in compensatory and punitive damages for his involvement in the initial traffic stop November 18-19th, 2020. The decisions to profile, stop, detain, search, sexually assault, falsify reports were Ofc. Bartels, but Ofc Kyzewski is very involved in these events. At no time does he intervene to stop the violations happening in front of him. (Doc. 1, pp. 8-9)

**ANSWER: Deny all allegations of unlawful conduct made against Officer Kizewski. Affirmatively assert that Officer Kizewski is not a party to this litigation pursuant to the Order (Doc. 5). Deny plaintiff is entitled to relief in this litigation.**

UNNUMBERED PARAGRAPH: Defendant City of Clintonville $7,000,000 in compensatory and punitive damages as they turned a blind eye to these events even though it was known to everyone in the city administration. I videoed all the events described and made them very public, emailed the members of city council, wrote the mayor, and more. But they let this continue. Their policies bred this behavior. (Doc. 1, p. 9)

**ANSWER: Deny all allegations of unlawful conduct made against the City of Clintonville. Affirmatively assert that the City of Clintonville is not a party to this litigation pursuant to the Order (Doc. 5). Deny plaintiff is entitled to relief in this litigation.**

OTHER RELIEF

UNNUMBERED PARAGRAPH: Declamatory and injunctive judgments to stop treating me like Described. I don't want to live in fear of the police anymore. Any other relief either punitive or compensatory or declamatory, as the court sees fit. (Doc. 1, p. 9)

**ANSWER: Deny all allegations of unlawful conduct by any defendant. Deny plaintiff is entitled to relief in this litigation.**

**AS FOR AFFIRMATIVE DEFENSES** the defendants, City of Clintonville Chief of Police Craig Freitag, Officer Tyler Bartel and Captain Dennis Schroeder allege as follows:

1. Some or all of plaintiff's complaint fails to state a claim upon which relief can be granted.

2. Many of the claims contained in plaintiff's complaint have been dismissed pursuant to the court's "Order Granting Plaintiff's Motion to Proceed without Prepaying Filing Fee (Dkt. No. 2) and Screening Complaint". (Doc. 5)

3. Officer Kizewski, Sergeant Wendorf and the City of Clintonville have been dismissed as parties to this litigation. (Doc. 5)

4. "All claims other than those specifically allowed" by the Order (Doc. 5) have been dismissed.

5. Plaintiff lacks standing for some of the claims contained in the complaint.

6. Some or all of the allegations contained in the complaint are not made in good faith or upon reasonable grounds that the conduct of defendants violated any Constitution, law or treaty of the United States or of the State of Wisconsin.

7. Some or all of the incidents complained of by plaintiff involved his illegal conduct and/or the conduct of others that posed a risk to the health and safety of others.

8. At all times relevant to this lawsuit, defendants acted in good faith and with regard to plaintiff.

9. Some or all of the incidents complained of by plaintiff involved defendants' obligation to investigate credible complaints received by law enforcement officers.

10. Some or all of plaintiff's allegations lack a reasonable basis in fact.

11. Some or all of plaintiff's allegations lack a reasonable basis in law.

11

12.     Plaintiff's claims for damages are bound or limited by the U.S. Constitution, the Wisconsin Constitution, and state and federal law.

13.     Defendants are immune from suit.

**WHEREFORE,** the defendants, Chief of Police Craig Freitag, Officer Tyler Bartel and Captain Dennis Schroeder, respectfully request dismissal of the plaintiff's complaint, costs, disbursements and fees as allowed by law and such other relief as the Court deems equitable and just.

Dated this 28th day of February, 2025

TOWN COUNSEL LAW & LITIGATION, LLC
*Attorneys for defendants*

Electronically Signed By:
Ashley C. Lehocky

_____
Ashley C. Lehocky
State Bar No. 1090795

940 Evergreen Drive
Kaukauna, WI 54130
P: (920) 725-1233
F: (920) 202-3116
ALehocky@towncounsellaw.com

12