UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JASON EARLEY COTTER,

    Plaintiff,

 v.             Case No. 23-cv-1592-pp

CHIEF CRAIG FREITAG, *et al.,*

    Defendants.

---

**ORDER DIRECTING PLAINTIFF TO FILE RESPONSE TO DEFENDANTS' MOTION FOR DISMISSAL OR MODIFICATION OF THE SCHEDULING ORDER (DKT. NO. 21)**

---

  On November 27, 2023, the plaintiff—who is representing himself—filed a complaint against several members of the Clintonville, Wisconsin Police Department and the City of Clintonville. Dkt. No. 1. On December 31, 2024, the court screened the complaint and allowed the plaintiff to proceed on a set of §1983 claims including unlawfully prolonging a traffic stop, unlawful search, false arrest and retaliation. Dkt. No. 5 at 35. After the defendants answered the complaint, on June 10, 2025, the parties appeared for a telephonic scheduling conference. Dkt. No. 19. The court issued a scheduling order setting a discovery deadline of September 1, 2025. Dkt. No. 20.

  On August 29, 2025, the defendants filed a Rule 7(h) expedited, non-dispositive motion asking the court to either dismiss the case or modify the scheduling order and issue an order compelling the plaintiff to cooperate in discovery. Dkt. No. 21. The defendants state that during the plaintiff's

1

scheduled deposition, the plaintiff refused to answer any questions and left the room. Id. at 2. The defendants allege that the plaintiff failed to answer multiple interrogatories or to produce requested documents. Id. They say that they have made multiple attempts to confer with the plaintiff to resolve these issues but have been unsuccessful. Id. at 2–3; see also Dkt. Nos. 21-1 (counsel's affidavit detailing attempts to request that the plaintiff comply with discovery requests).

On September 4, 2025, an email from the plaintiff arrived in the court's proposed order inbox (PepperPO@wied.uscourts.gov); in it, the plaintiff appeared to be objecting to the questions the defendants asked him at his deposition. The court's staff responded to the plaintiff, advising him that the court does not accept filings via email, that the PepperPO@wied.uscourts.gov address is used only for parties to send proposed orders and that the court (the judge) does not monitor that email box. The court's staff advised the plaintiff that if he wants the court to review any documents or take any action, he must file a request or document with the court, either in person or via mail.

On September 11, 2025, another email from the plaintiff arrived in the PepperPO@wied.uscourts.gov email box. This message appeared to be addressed to defense counsel. The plaintiff stated that he "WILL BE RESPONDING TO YOUR LATEST MOTIONS AND AFFIDAVITS AS CLOSE AS I CAN IN THE FORM OF A MOTION TO THE COURT." But as of the date of this order, the court has not received a motion or any other filings from the plaintiff. The court has not received any motions or pleadings from the plaintiff

since February 7, 2025, when it received a letter from the plaintiff, commenting on the claims he raised in his complaint.

As the court has stated, the defendants filed their motion under Civil Local Rule 7(h) (E.D. Wis.). That rule says that the non-moving party has only a short period of time to respond to a motion designated as a Rule 7(h) expedited, non-dispositive motion. The non-moving, responding party "must file a memorandum in opposition to the motion within seven days of service of the motion." Civil L.R. 7(h)(2). The defendants served their motion, by mail, on September 9, 2025. Dkt. No. 22. That means the plaintiff's response to the defendants' motion was due September 16, 2025. The court did not receive anything from the plaintiff by that date; it has not received anything from the plaintiff since the defendants filed their motion.

The plaintiff is representing himself, and he is not a lawyer. Perhaps he was not aware that if he wanted to oppose the defendants' motion, he was required to do so by day's end on September 16, 2025. The court will give him *one, final opportunity* to respond to the defendants' motion to dismiss or modify the scheduling order. If the plaintiff chooses to oppose the defendants' motion, his memorandum in opposition to the motion must not exceed three pages. Civil L.R. 7(h)(2). If the plaintiff chooses to oppose the motion, the plaintiff must file his opposition memorandum with the court in person or via U.S. mail. He may *not* file his response via email; as the court's staff advised the plaintiff, the court does *not* accept pleadings or filings via email.

The court also advises the plaintiff of the following:

In a paragraph at the end of his November 27, 2023 complaint, the plaintiff asked the court to appoint a lawyer to represent him. Dkt. No. 1 at 8. In its December 2024 screening order, the court denied that request and explained to the defendant that he had not demonstrated that he made a reasonable attempt to find a lawyer on his own and at that early stage of the proceedings, he had not demonstrated that he could not pursue the litigation without a lawyer. Dkt. No. 5 at 41-42. If the plaintiff believes that he cannot proceed without a lawyer, he may file a motion (in person or by U.S. mail). The motion must provide proof that he has contacted at least three lawyers, to show that he's made a reasonable effort to retain counsel on his own. If the plaintiff files such a motion, the court will consider it (although it cannot guarantee that it will grant the motion, given how few volunteer lawyers are available to represent parties free of charge).

Federal Rule of Civil Procedure 26(b)(1) allows a party to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case—whether through interrogatories, requests for admission, requests for production of documents or depositions. If a party believes that the other side has asked him for information that he is not required to provide, he must discuss that with the other side. If the two sides cannot work out their differences, the party may file a motion with the court (in person or by U.S. mail) explaining to the court why he believes he should not have to provide the information. The other side will have an opportunity to respond.

If, by the deadline the court sets below, the plaintiff does not file (in person or by U.S. mail) a response to the defendants' Rule 7(h) motion to dismiss or modify the scheduling order, the court will consider the defendants' motion without any input from the plaintiff. That means that the court may grant any of the relief the defendants are requesting.

The court **ORDERS** that by the end of the day on **October 10, 2025**, the plaintiff must file a response to the defendants' Rule 7(h) motion to dismiss or, in the alternative, to modify the scheduling order. Dkt. No. 21. The plaintiff must file that motion—whether in person or by U.S. mail—in time for the court to *receive* it by day's end on October 10, 2025. If the court does not receive a properly filed response by the end of the day on October 10, 2025, it will treat the defendants' motion as unopposed and will decide the motion without the plaintiff's input. That could result in the court dismissing the plaintiff's case for failing to comply with discovery or the court's orders. See Watkins v. Nielsen, 405 F. App'x 42, 44–46 (7th Cir. 2010) (affirming dismissal of case for failure to cooperate in discovery).

Dated in Milwaukee, Wisconsin this 26th day of September, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**