UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON FARLEY COTTER,

          Plaintiff,

v.                                              CASE NO. 23-CV-1592

CHIEF CRAIG FREITAG, et al.,

          Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINT

The defendants Craig Freitag, Tyler Bartel, and Dennis Schroeder, by their attorneys, Town Counsel Law & Litigation LLC, as and for a response to plaintiff's motions for leave to file amended complaint, hereby submit the following response:

The Plaintiff has filed two separate sets of documents purporting to be motions amending the Complaint in this matter. The first, filed on November 24, states that the plaintiff has decided not to pursue claims of retaliatory conduct and that he wishes to modify the total amount of damages requested. That filing includes an exhibit that sets out the actual amendment requested related to damages; that exhibit does not specifically identify the claim plaintiff seeks to dismiss. The second, filed on December 8, clarifies that the plaintiff's decision not to pursue claims of retaliatory conduct relates to his claims regarding welfare checks conducted by law enforcement, and requests that the court appoint counsel on his behalf.

### I.    Dismissal of Claim of Retaliatory Conduct

On December 31, 2024, the court issued an order granting plaintiff's motion to proceed without prepaying filing fee and screening complaint." (Dkt. No. 5.) In that order, the court dismissed all state law claims in the complaint (Dkt. No. 5, p. 38), but allowed him to proceed

1

against defendant Bartel on claims that he unlawfully prolonged an otherwise lawful vehicle stop and conducted an unreasonable search of the plaintiff's person, against defendant Schroeder on a claim of false arrest based on the October 2021 events, and against defendant Freitag on a claim of false arrest based on the October 2021 events and a claim of retaliation. (Dkt. No. 5, p. 35.) It appears that plaintiff's statements that he intends not to pursue claims of retaliatory conduct is, in effect, a motion to amend the complaint to dismiss the claim of retaliation against Freitag. The Defendants do not object to the dismissal of that claim. As such, pursuant to Fed. R. Civ. P. 15(a)(2), the defendants consent to the amendment of the complaint to dismiss said claim.

    **II.**    **Amendment of Damages**

        A.    Freitag

The plaintiff appears to be requesting that the damages he seeks from Freitag be reduced from $4,000,0000 to $50,000 in compensatory and punitive damages, half of that amount being attributed to compensatory damages, and the remainder to punitive damages. The plaintiff's language also deletes an inflammatory allegation of the purpose of defendant Freitag's alleged purpose for his alleged involvement in the matter and clarifies that such damages are claimed solely for the allegation of illegal arrest. While the defendants maintain their answer denying all allegations of unlawful conduct against Freitag and denying plaintiff is entitled to any relief in this litigation (Dkt. No. 11, p. 9), the defendants do not object to the amendment. As such, pursuant to Fed. R. Civ. P. 15(a)(2), the defendants consent to the amendment of the complaint to dismiss said claim and reduce the damages claim while maintaining their previous answer to such claim.

        B.    Schroeder

The plaintiff appears to be requesting that the damages he seeks from Schroeder be reduced from $4,000,0000 to $50,000 in compensatory and punitive damages, half of that amount being

attributed to compensatory damages, and the remainder to punitive damages. The plaintiff's language also clarifies that such damages are claimed solely for the allegation of illegal arrest. While the defendants maintain their answer denying all allegations of unlawful conduct against Schroeder and denying plaintiff is entitled to any relief in this litigation (Dkt. No. 11, p. 9), the defendants do not object to the amendment. As such, pursuant to Fed. R. Civ. P. 15(a)(2), the defendants consent to the amendment of the complaint to reduce the damages claim while maintaining their answer denying any such claim against Schroeder.

    C.    Bartel

The plaintiff appears to be requesting that the damages he seeks from Freitag be reduced from $3,000,0000 to $400,000 in compensatory and punitive damages. The plaintiff attributes $200,000 of such damages to the alleged prolonging of the traffic stop and $200,000 to the alleged improper search. Half of the amount of each claim is attributed to compensatory damages, and the remainder to punitive damages. While the defendants maintain their answer denying all allegations of unlawful conduct against Bartel and denying plaintiff is entitled to any relief in this litigation (Dkt. No. 11, p. 10), the defendants do not object to the reduction in the request for damages.

However, after setting out the amount of damages requested, the amendment to the complaint contains significant additional claims and statements regarding the matter that go far beyond the language of the initial complaint. Given the late date of these additional allegations, coming as they do not long before the deadline to complete discovery—a deadline that was already extended because of plaintiff's initial failure to cooperate with discovery—and after the completion of the rescheduled deposition of the plaintiff conducted by counsel for the defendants, the defendants must strongly object to the amendment of the complaint to include any statements beyond the mere reduction of the amount of damages. As such, the defendants consent pursuant to
3

Fed. R. Civ. P. 15(a)(2) only to the amendment of the complaint to read: "Ofc. Bartel: $400,000 is requested - $100,000 in punitive damages and $100,000 in compensatory damages for illegally and knowingly delaying the traffic stop to wait for the K9. Plus an additional $100,000 in punitive damages and $100,000 in compensatory damages for extending the illegal detainment much further to conduct a pat search." The defendants maintain their answer denying all allegations of unlawful conduct against Bartel and denying plaintiff is entitled to any relief in this litigation (Dkt. No. 11, p. 10). The defendants do not consent to the amendment of the claim to include any of the remaining language related to Bartel and the claims against him (Dkt. No. 27-1, p.1.)

### D. Other relief

Plaintiff's proposed amendment includes the addition of one category of "other relief"—a request for an additional $2,000 in attorney fees which plaintiff alleges were paid to an attorney "who only went so far with it." This is a new request. There is no indication that this other attorney did any work on this case—it appears that attorney assisted in a previous public records matter the plaintiff pursued in state court. As such, and given the late date of these additional allegations, the defendants object to the amendment of the complaint to include attorney fees and do not provide consent pursuant to Fed. R. Civ. P. 15(a)(2) to amend the complaint to include these fees.

### III. Request to Appoint Counsel

As the court noted in its December 31, 2025, Order (Dkt. No. 5, p. 39) it is entirely within the court's discretion whether to recruit a lawyer for individuals who cannot afford one. The court denied Plaintiff's motion requesting the court appoint counsel at that time, noting that "if, later in the case, procedures become too complicated for the plaintiff to handle on his own, he may renew his request for the court to appoint him a lawyer." (Dkt. No. 5 p. 42.) Because that decision is

4

Case 2:23-cv-01592-PP   Filed 12/17/25   Page 4 of 5   Document 29

entirely within the court's discretion, the Defendants take no position one way or the other on this request.

Dated: December 17th, 2025.

> By: s/ Charles C. Adams
> Charles C. Adams, WI Bar No: 1021454
> Ashley C. Lehocky, WI Bar No: 1090795
> *Attorneys for defendants*
> TOWN COUNSEL LAW & LITIGATION, LLC
> 940 Evergreen Drive
> Kaukauna, WI 54130
> Telephone: (920) 725-1233
> Fax: (920) 202-3116
> E-mails: CAdams@towncounsellaw.com
> ALehocky@towncounsellaw.com