UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON FARLEY COTTER,

    Plaintiff,

 v.              Case No. 23-cv-1592-pp

CHIEF CRAIG FREITAG,
CAPTAIN DENNIS SCHROEDER,
and OFC. BARTEL,

    Defendants.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DKT. NO. 27) AND MOTION TO AMEND COMPLAINT AND FOR RECONSIDERATION OF APPOINTMENT OF COUNSEL (DKT. NO. 28)**

On November 24, 2025, the court received from the plaintiff—who is representing himself—a motion for leave to file an amended complaint. Dkt. No. 27. The plaintiff states that he "has decided not to pursue claims of retaliatory conduct, and also wants to modify the total amount of Damages." Id. at 1. The plaintiff attached a proposed "Amended 'Relief Sought' portion of the Complaint" to his motion. Id.; Dkt. No. 27-1. The proposed amended portion of the complaint contains factual allegations, a statement of damages and a request for attorneys' fees "paid to an attorney who only went so far with it." See Dkt. No. 27-1 at 1–2.

1

On December 8, 2025, the court received from the plaintiff a second document titled "Motion to Amend (Streamline) Complaint and Reconsideration for Appointment of [Counsel]." Dkt. No. 28. The plaintiff states that

> [w]ith the motion I just filed days ago, the intent was to completely CEASE the cause of action for Retaliation in regards to the welfare checks. It happened, but I don't believe I can PROVE IT. However, I don't wish to amend any information provided in my original complaint. Those things did indeed happen, however, [I'm] not seeking a claim for harassment or retaliation nor any damages related to harassment or retaliation in regard to the welfare checks anymore.

Id. at 1. The plaintiff then requests that the court reconsider its decision not to appoint counsel to represent him. Id. As grounds, the plaintiff attaches the defendants' interrogatories and states that he believes that he "answered questions out of ignorance that may prejudice me at trial," asserting that he "need[s] a professional looking out for [his] interests." Id. He states that he believes his case is meritorious and that if he had counsel to represent him, he would be able to prove his retaliation claim instead of being forced to drop it. Id. at 2.

The defendants filed a single response to both motions. Dkt. No. 29. They state that they do not oppose the dismissal of the retaliation claim or the plaintiff's request to reduce the amount of damages sought against defendants Freitag and Schroeder. Id. at 1–3. But they object to the proposed amendment of the damages sought against defendant Bartel because the proposed amendment contains new factual allegations. Id. at 3–4. They also object to the request for attorneys' fees. Id. at 4.

2

Civil Local Rule 15 (E.D. Wis.) governs amended and supplemental pleadings in this district. That rule states in relevant part:

> (a) Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, *must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.*
>
> (b) A motion to amend a pleading must state specifically what changes are sought by the proposed amendments. *The proposed amended pleading must be filed as an attachment to the motion to amend.*

Civil L.R. 15 (emphasis added). The plaintiff did not file "the entire pleading as amended" with either of his motions to amend. With his first motion, he filed a proposed amended portion of the "request for relief" section of his complaint; he did not file any proposed amendments with his second motion. It isn't clear what parts of the complaint, if any, the plaintiff wants to amend; in his second motion, he states that he wants to drop a claim but "[doesn't] wish to amend any information provided in [his] original complaint." Dkt. No. 28 at 1. The plaintiff could clear up the confusion by filing a complete, proposed amended complaint. Because the plaintiff did not follow this court's Local Rules and it is not clear what amendments he wants to make to his complaint, the court must deny his motions.

The court will give the plaintiff an opportunity to file another motion for leave to amend the complaint. That motion should state specifically what changes the plaintiff wants to make to the complaint. As an attachment to that motion, the plaintiff must file a complete, proposed amended complaint that includes *all* factual allegations and claims the plaintiff wants the court to

3

consider. He must repeat any claims from his original complaint that he wants to pursue; he cannot simply refer the court back to the amended complaint. The court previously allowed the plaintiff to proceed with the following claims:

> The court will allow the plaintiff to proceed against Bartel on claims that he unlawfully prolonged an otherwise lawful vehicle stop and that he conducted an unreasonable search of the plaintiff's person. It will allow the plaintiff to proceed against Schroeder on a false arrest claim based on the events that occurred in October 2021. It will allow the plaintiff to proceed against Frietag on claims of false arrest and retaliation.

Dkt. No. 5 at 35. In the proposed amended complaint, the plaintiff should clearly explain which of these claims he is pursuing against each defendant, as well as stating any new claims he wishes to bring.

Because the defendants did not object to many of the proposed amendments, the court encourages the plaintiff to contact the defendants to discuss the proposed amended complaint before filing it with the court. Under Federal Rule of Civil Procedure 15(a)(2), the plaintiff may amend his complaint "with the opposing party's written consent." That means that if the defendants do not object to the proposed amended complaint, the plaintiff is not required to file a motion asking the court's permission to amend the complaint. The plaintiff would need only to file the amended complaint, along with a statement saying that the defendants consent to the amendment.

The court also must deny the plaintiff's request for the court to reconsider its decision denying appointment of counsel, which the court construes as a renewed motion to appoint counsel. The plaintiff raised his original request for the court to appoint him an attorney in the complaint. See

4

Dkt. No. 1 at 8. In its order screening the complaint, the court explained that the plaintiff must have "made a reasonable attempt to obtain counsel" on his own before the court may consider appointing an attorney to represent him. Dkt. No. 5 at 39 (quoting Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007)). "The court usually requires a petitioner to show that he has contacted at least three lawyers to establish that he made a reasonable attempt to hire counsel on his own." Devroy v. Boughton, Case No. 22-cv-727-pp, 2023 WL 4059112, at *4 (E.D. Wis. June 19, 2023). The court also "typically requires [a plaintiff to] submit[] letters from several attorneys declining assistance and copies of any documents that show Plaintiff tried to find an attorney." Astramsky v. Geisler, Case No. 23-2146, 2023 WL 7300534, at *2 (C.D. Ill. Nov. 6, 2023) (citing Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)). The plaintiff has not shown that he has made a reasonable attempt to hire counsel on his own, so the court must deny renewed motion to appoint counsel.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motions to amend the complaint. Dkt. Nos. 27, 28.

The court **ORDERS** that if the plaintiff wishes to file an amended complaint, he must file a renewed motion and a proposed amended complaint in time for the court to receive it by the end of the day on **March 27, 2026**. If the court does not receive a renewed motion to amend the complaint by the end of the day on March 27, 2026, the court will assume that the plaintiff wishes to proceed with the original complaint.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's renewed motion to appoint counsel. Dkt. No. 28.

Dated in Milwaukee, Wisconsin this 20th day of February, 2026.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
