JASON FARLEY COTTER,

          Plaintiff,

                                Case No. 23-cv-1592-pp

   v.

CHIEF CRAIG FREITAG,
CAPTAIN DENNIS SCHROEDER,
and OFC. BARTEL,

          Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DKT. NO. 36)**

---

On May 11, 2026, plaintiff Jason Farley Cotter—who is representing himself—filed a renewed motion for leave to file an amended complaint, dkt. no. 36, and attached a proposed amended complaint, dkt. no. 36-1. The court will deny the motion without prejudice to give the plaintiff a final opportunity to amend his complaint.

## I.    Background

### A.    The Court's Screening Order

In an order dated December 31, 2024, the court screened the original complaint. Dkt. No. 5. The complaint arises from a traffic stop that occurred in November 2020. The plaintiff alleged that defendant Officer Tyler Bartel of the Clintonville Police Department stopped a vehicle driven by the plaintiff's partner, Devon Caswell. The plaintiff was a passenger. The plaintiff alleges that Bartel prolonged an otherwise lawful vehicle stop for the purpose of requesting a K9 unit to conduct an unlawful search. The plaintiff further alleges that

1

Bartel conducted an unreasonable search of his person without his consent. See id. at 16-23.

The plaintiff alleges that defendant Captain Dennis Schroeder of the Clintonville Police Department falsely arrested him. He asserts that in October 2021, he was removing two tires from his friend's vehicle and that Schroeder falsely arrested him for theft of the two tires despite having information from the plaintiff's friend that the plaintiff had not stolen the tires. See id. at 10-12, 27-28.

The plaintiff alleges that Chief Craig Freitag retaliated against him after he filed complaints regarding the November 2020 traffic stop. He asserts that Freitag retaliated by harassing him with phone calls and by ordering unnecessary and intrusive welfare checks at his residence. The plaintiff also says that Freitag falsely arrested him during the same October 2021 incident involving the two tires. See id. at 29-31.

Taking as true the well-pleaded allegations in the complaint, the court allowed the plaintiff to proceed on a Fourth Amendment claim that Bartel had unlawfully prolonged an otherwise lawful vehicle stop and that he had conducted an unreasonable search of the plaintiff's person. The court allowed the plaintiff to proceed against Schroeder and Freitag on a false arrest claim based the events that occurred in October 2021. The court also allowed the plaintiff to proceed on a First Amendment claim against Freitag for retaliation. See id. at 35.

The plaintiff also alleged that the City of Clintonville's policies, or lack of policies, caused the constitutional violations the defendants allegedly committed. But the plaintiff did not identify any specific policy, practice or custom that resulted in the November 2020 traffic stop, the October 2021 false

2

arrest or Freitag's retaliation. Because the municipal liability claim against the City of Clintonville was not supported by any well-pleaded allegations, the court dismissed it for failure to state a claim. See id. at 33-35.[1]

B.      The Plaintiff's First Request to Amend the Complaint

On November 24, 2025, after the court had issued its screening order, the plaintiff filed a motion seeking leave to amend the complaint. Dkt. No. 27. It appeared that the plaintiff wanted to dismiss the retaliation claim against Freitag and to reduce the amount of damages he was seeking against Freitag and Schroeder. See id. at 2. The motion did not comply with the requirements in Civil Local Rule 15 (E.D. Wis.), so the court denied it. See Dkt. No. 30 at 3-4. Specifically, the court denied the motion because the plaintiff did not file a complete, proposed amended complaint along with the motion. Id. But the court told the plaintiff that he could renew his motion to try to correct the deficiencies the court described in its order. Id. at 3.

## II.      The Renewed Motion to Amend

A.      The Plaintiff's Motion (Dkt. No. 36)

As the court stated, on May 11, 2026, the court received from the plaintiff a renewed motion for leave to amend. Dkt. No. 36. Generally, the motion states that the plaintiff has obtained new evidence through public records requests, and that that new evidence strengthens his claims (including his claim for municipal liability). Id. at 1.

This time, the plaintiff complied with the court's local rules and attached to his motion a proposed amended complaint. Dkt. No. 36-1. The proposed amended complaint reasserts the same claims against Bartel, Freitag and

---

[1] The court dismissed the plaintiff's claims against Sergeant Wendorf and Officer Kyzewski for failure to state a claim as well. Dkt. No. 5 at 25, 27, 42.

3

Schroeder (Counts I-IV), and it includes a municipal liability claim against the City of Clintonville (Count V). See Dkt. No. 36-1 at 1-2. But the proposed amended complaint does not include the factual allegations from the initial complaint that had supported the claims against Bartel, Freitag and Schroeder.[2] Id. As for the municipal liability claim, the proposed amended complaint generally alleges that in November 2020 the plaintiff was the subject of a traffic stop, that the stop was unlawfully prolonged, that the plaintiff filed a complaint, that a Shawano Police Department investigative report was produced and that the Shawano Police Department denied having a record of the investigation.[3] See id. at ¶¶9-19; see also Dkt. No. 36 at ¶¶3-4. The proposed amended complaint also alleges that the City of Clintonville "admitted no internal command review occurred" and that "[p]olicy records do not clearly show officer training acknowledgment." Dkt. No. 36-1 at ¶¶20, 22. The proposed amended complaint generally alleges that the City of Clintonville failed to train and supervise officers, failed to properly investigate the plaintiff's complaints and failed to maintain records, and that these failures showed deliberate indifference. Id. at ¶¶29-34.

B.    The Defendants' Response (Dkt. No. 37)

The defendants state that they do not oppose the plaintiff's proposed amendment to Counts I-IV of the complaint. But they assert that the proposed

---

[2] In its order denying the plaintiff's first motion, the court explained in detail Civil L.R. 15's requirements for seeking leave to amend a complaint, including the requirement that the motion must attach a complete, proposed amended complaint and that it could not refer back to original complaint. Dkt. No. 5 at 3-4.

[3] Although the plaintiff says that he obtained new evidence to support his municipal liability claim, see dkt. no. 36 at ¶2, he did not attach any new evidence to a declaration in support of his motion.

4

amendment does not include sufficient facts to support those counts and that it would be subject to dismissal for failure to state a claim. Id. at 2, 7-8.

The defendants oppose the proposed amendment to the complaint to include a municipal liability claim against the City of Clintonville. They argue that the inclusion of this claim would unfairly prejudice the defendants because it would add a party and claim that the court had dismissed in its screening order. Id. at 6. They also assert that the proposed amendment would be unfair because the parties completed discovery and the defendants prepared their defense based on the original complaint. Id. The defendants argue that allowing the proposed amendment at this stage of the proceedings would require the parties to reopen discovery to conduct additional depositions and written discovery and could require the defendants to obtain expert testimony. Id. at 6-7. The defendants contend that the proposed amendment fails to allege sufficient facts to support a municipal liability claim against the City of Clintonville because the proposed amendment does not identify any official policy, practice or decision by a final policy maker. Id.

C.     The Plaintiff's Reply (Dkt. No. 38)

In a letter the court received on July 13, 2026, the plaintiff acknowledges the lack of supporting facts in the proposed amended complaint. Dkt. No. 38. The letter states that that the plaintiff "never intended the amendment to [r]eplace my initial complaint that had contained all the facts and had been ruled on and had been through the discovery process." Id. It states that the plaintiff does not "wish to withdraw [the] initial complaint for the amendment [he] filed" because the proposed amendment does not "contain any of the facts of the original." Id.

## III. Discussion

### A. Legal Standard

Federal Rule of Civil Procedure 15 governs amended pleadings. Under Rule 15(a)(1), "[a] party may amend its pleading once as a matter of course" within twenty-one days of serving the complaint or, if the defendants have answered, within twenty-one days after service of the responsive pleading. Because the defendants already have answered the original complaint, dkt. no. 11, the plaintiff no longer can amend "as a matter of course." But under Rule 15(a)(2), a party may amend its pleading "with the opposing party's written consent or the court's leave." The rule instructs courts to "freely give leave when justice so requires." Id. The court has broad discretion to deny a request to amend when there is undue delay, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants or where the amendment would be futile. Hukic v. Aurora Loan Services, 588 F.3d 420, 432 (7th Cir. 2009). When a party seeks to amend a pleading after the deadline to amend pleadings has expired, that party first must demonstrate good cause under Rule 16(b). See Alioto v. Town of Lisbon, 651 F.3d 715, 719-20 (7th Cir. 2011); Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am., 424 F.3d 542, 553 (7th Cir. 2005) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992))).

### B. The Court's Analysis

The court need not consider whether there is good cause under Rule 16(b) for the plaintiff to amend because there is a more basic problem with the proposed amended complaint: it does not include the factual allegations supporting the claims against defendants Bartel, Freitag and Schroeder on

6

which the court allowed the plaintiff to proceed when it screened the initial complaint. See Dkt. No. 5 at 15-35. The plaintiff acknowledges this and says he wants to keep his original complaint. But the plaintiff cannot "keep" the original complaint as it was filed, because the court ruled that he could not proceed on some of the claims in that complaint. If the plaintiff is willing to proceed only on the claims from the original complaint on which the court allowed the plaintiff to proceed (his claims that Bartel unlawfully prolonged an otherwise lawful traffic stop and conducted an unreasonable search of the plaintiff; his false arrest claim against Schroeder; and his false arrest and retaliation claims against Frietag), he does not need to do anything else. The court will deny his renewed motion for leave to amend and, if he does not file another such motion by the deadline the court sets, the court will issue a scheduling order.

On the other hand, if the plaintiff wishes to dismiss or modify any of the claims on which the court allowed him to proceed, or add any new ones, he must file another—final—motion for leave to amend. He must attach to that motion a full, complete proposed amended complaint, stating *all* the facts that support *all* the claims he wants to pursue. The court is including with this order a blank copy of this district's amended complaint form. The plaintiff must use this form in preparing an amended complaint. The plaintiff must list the case number for this case in the space provided. The plaintiff should use the spaces on pages 2 and 3 to recite the facts of his claims; if that is not enough space, he may use no more than five additional, double-spaced pages. The court will provide a deadline by which the plaintiff must file such a motion, if he wants to amend.

7

The court urges the plaintiff to review carefully the rules for amending a complaint. "It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void." <u>Flannery v. Recording Indus. Ass'n of Am.</u>, 354 F.3d 632, 638 n.1 (7th Cir. 2004) (citing <u>Fuhrer v. Fuhrer</u>, 292 F.2d 140, 144 (7th Cir. 1961)). Civil L.R. 15 also states in relevant part:

> (a) Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, **must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference**.

> (b) A motion to amend a pleading **must state specifically what changes are sought by the proposed amendments**. The proposed amended pleading **must be filed as an attachment to the motion to amend**.

Civil L.R. 15 (emphasis added).

If the plaintiff decides to renew his motion for leave to amend the complaint, the motion should state specifically what changes the plaintiff wants to make to the complaint. Again, the plaintiff must attach to that motion a complete, proposed amended complaint (using the court's amended complaint form) that includes **all factual allegations and claims** the plaintiff wants the court to consider. He must repeat any claims from his original complaint that he wants to pursue in the amended complaint; he cannot simply refer the court back to the original complaint.

The plaintiff should be aware that proposed amendments seeking to add back claims or parties that the court previously dismissed typically are not warranted absent a good reason after the scheduling order deadline to amend pleadings has expired or when discovery has been completed. See, *e.g.*, <u>Alinsky v. United States</u>, 415 F.3d 639, 648 (7th Cir. 2005) (holding that district court did not abuse its discretion in denying plaintiff's motion to amend filed

8

approximately three years after the start of the litigation and approximately eight months after the plaintiffs completed discovery); J.P. Morgan Chase Bank, N.A. v. Drywall Serv. & Supply Co., Inc., 265 F.R.D. 341, 347 (N.D. Ind. 2010) (stating that a motion to amend may not be warranted in circumstances where there is a "delay in proceedings without explanation, no change in the facts since filing of the original complaint, and new theories that require additional discovery.").

Here, the proposed amended complaint seeks to add back a party (the City of Clintonville) and a claim (municipal liability) that the court dismissed in its screening order. But the proposed amended complaint does not contain any well-pleaded allegations to support a municipal liability claim because it does not identify any specific policy, practice or custom that caused the constitutional violations the plaintiff alleges. The proposed amended complaint's conclusory allegation that the "violations were caused by policies or customs of the City," dkt. no. 36-1 at ¶29, is not enough to support a municipal liability claim. See Thomas v. Cook C'nty Sheriff's Dep't, 604 F.3d 293, 303 (7th Cir. 2010 (stating a §1983 claim against a municipality must demonstrate that "the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority"). Simply alleging that a policy or custom caused a constitutional violation begs the question: what policy or custom? The  proposed amended complaint doesn't say; this is the same reason the court dismissed the municipal liability claim alleged from the original complaint.

9

The court encourages the plaintiff to contact the defendants to discuss any proposed amendments to the complaint before filing it with the court. The defendants do not appear to object to some of the plaintiff's proposed amendments. Under Federal Rule of Civil Procedure 15(a)(2), the plaintiff may amend his complaint "with the opposing party's written consent." That means that if the defendants do not object to the proposed amended complaint, the plaintiff is not required to file a motion asking the court's permission to amend the complaint. If the defendants consent, the plaintiff would need to file only the amended complaint, along with a statement saying that the defendants consent to the amendment.

## IV. Conclusion

The court **DENIES WITHOUT PREJUDICE** the plaintiff's renewed motion for leave to amend the complaint. Dkt. No. 36.

The court **ORDERS** that if the plaintiff wishes to file an amended complaint, he must file a renewed motion and a proposed amended complaint in time for the court to receive it by the end of the day on **September 11, 2026.** If the court does not receive a renewed motion to amend the complaint (or an amended complaint accompanied by written proof that the defendants consent) by the end of the day on September 11, 2026, the court will assume that the plaintiff wishes to proceed with the claims remaining from the original complaint.

Dated in Milwaukee, Wisconsin this 4th day of August, 2026.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**